UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAINTERS AND ALLIED TRADES ) <br> DISTRICT COUNCIL NO. 35 ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> FIRST KOSTAS CORP. ) <br> Defendant. ) <br> ) | MAGISTRATE JUDGE _New Mag_ <br><br> C.A. No. <br><br> RECEIPT #_____ <br> AMOUNT $ 250 <br> SUMMONS ISSUED Yes <br> LOCAL RULE 4.1 ___ <br> WAIVER FORM ___ <br> MCF ISSUED ___ <br> BY DPTY. CLK. _Tom_ <br> DATE 3/23/05 |

**COMPLAINT**

1. This is an action to enforce a labor arbitration award pursuant to §301 of the Labor Management Relations Act (the "Act"), 29 U.S.C. §185. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337.

2. Plaintiff, Painters and Allied Trades District Council No. 35, is a labor organization within the meaning of 29 U.S.C. §152(5) and is the duly authorized collective bargaining representative of painters and allied trades employed in Massachusetts, Maine, New Hampshire and Vermont. Plaintiff's principal office is located at 25 Colgate Road, Roslindale, Massachusetts 02324.

3. Defendant, First Kostas Corp., is an employer within the meaning of 29 U.S.C. §152(2) and §185, does business in this judicial district, and has its principal place of business in Somerville, Massachusetts.

4. Plaintiff and Defendant are parties to a collective bargaining agreement that is a contract within the meaning of 29 U.S.C. §185(a) and that, among other things, provides for arbitration of disputes arising under the agreement.

5. Plaintiff invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration several disputes with Defendant that had arisen under the collective bargaining agreement.

6. The parties' collective bargaining agreement provides that the Joint Trade Board is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints," and that the Joint Trade Board's decisions are binding as to the parties.

7. The New England Painting, Finishing & Glazing Industries DC 35 Joint Trade Board ("Joint Trade Board") is made up of representatives from both Painters and Allied Trades District Council No. 35 and the Painters and Finishing Employers Association of New England, Inc. ("Contractors Association"), and is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints" against members of either party to the Agreement, or independent signatory employers, for alleged violations of the Agreement.

8. The Agreement mandates that the Joint Trade Board's decisions are binding on the parties, including any independent signatory.

9. Following a hearing held in Roslindale, Massachusetts on February 1, 2005, at which the Defendant appeared after being given proper notice, the Joint Trade Board duly issued an Award on February 7, 2005 sustaining Plaintiff's grievance, against Defendant, and awarding Plaintiff and its affiliated funds the amount of 11,622.46, plus 20% liquidated damages and a $200.00 administrative fee, for a total of $14,146.95. The Joint Trade Board also granted Defendant ten (10) days to increase its security deposit to $15,000.

10. To date and without any lawful justification, Defendant has refused to comply with the Joint Trade Board's Award, a copy of which is attached as Exhibit A.

11. The Massachusetts Arbitration Act requires that any action to vacate an arbitration award be filed within thirty (30) days of the award. M.G.L. c. 150 § 11.

12. Defendant failed to file an action to vacate the arbitration award within thirty (30) days of its receipt.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant:

A. ordering Defendant to comply with the Joint Trade Board's Award in the amount of $14,146.95, with pre-judgment interest from ten (10) days after the receipt of the Award and obtain a fringe benefit bond or furnish a security deposit as provided for in the collective bargaining agreement;

B. ordering Defendant to pay Plaintiff's costs and attorney's fees for bringing this action;

C. awarding such other and further relief as may be just and proper; including, but not limited to, declaring that the Defendant is time-barred from asserting any affirmative defenses because the statutory period of thirty (30) days has elapsed.

        Plaintiff,
        Painters and Allied Trades District Council No. 35,
        By its attorney,

        _/s/ Michael A. Feinberg_
        Michael A. Feinberg, BBO #161400
        Feinberg, Campbell & Zack, P.C.
        177 Milk Street
        Boston, MA 02109
        (617) 338-1976

DATED: March 21, 2005

Chairman - Secretary
Thomas J. Gunning
PFEANE, Inc.
GEANE, Inc.

NEW ENGLAND
PAINTING, FINISHING & GLAZING INDUSTRIES

Treasurer
Ralph Harriman
District Council No. 35

# DC 35 Joint Trade Board

Painters and Allied Trades District Council No. 35
Labor & Management Working Together in MA, ME, NH, VT

CERTIFIED MAIL

**FAC-82**

February 7, 2005

Kostas Kritikos
First Kostas Corp.
515 Medford Street
Somerville, MA 02145

Dear Mr. Kritikos:

    This matter came before the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board at a hearing on February 1, 2005, at the offices of Painters District Council No. 35, 25 Colgate Road, Roslindale, MA. You appeared on behalf of the Company in your capacity as its Vice-President.

    Heather Palmacci, DC 35 Funds office, presented the evidence supporting the charge.

    Ms. Palmacci testified that unpaid benefits were due for the period of August 12 – September 12, 2004, in the amount of $11,622.46. Ms. Palmacci further testified that the company's current security deposit needs to be increased by $3,480 to reach the maximum security deposit amount of $15,000.

    Based upon the evidence, the Board unanimously voted that First Kostas Corporation was delinquent in the amount of $11,622.46, and the Board unanimously agreed to grant First Kostas Corporation ten (10) days' to increase their security deposit to $15,000.

    In addition, the Board voted that First Kostas Corporation be required to pay 20% liquidated damages and an administrative fee of $200 within ten (10) days following the receipt of this Award. Therefore, a check in the amount of $14,146.95, made payable to the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board and should be mailed to New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board, 1400 Hancock St., 7th floor, Quincy, MA 02169.

    In the event that the company fails to comply with any of the terms of this Award and the union prevails at any proceeding to obtain judicial enforcement of the Award, the union's reasonable attorney's fees incurred in such proceedings, as determined by the court on an application for attorney's fees, shall be deemed and, hereby is, a part of this Award. In addition to attorney's fees the union shall be entitled to pre-judgment interest on any amount found to be owed by the company from a date ten (10) days after the company's receipt of the Award, which interest shall be calculated at 1-1/2 % above prime up to $500.00 and 2% above prime over $500.00 or any other higher amount allowed by law or regulation.

    The Board voted unanimously for the findings, conclusions and awards set forth herein.

For your information, a copy of the Appeal Procedure is attached hereto.

Very truly yours,

*[signature: Thomas J. Gunning]*

Thomas J. Gunning
Chairman-Secretary

Enc.

cc:   Ralph Harriman, Bus. Mgr. DC#35
      Sharon Saganey, Funds Adm. DC#35
      Michael Feinberg, Esq., Feinberg, Campbell & Zack



# Track & Confirm

**Current Status**

You entered 7004 1160 0003 6993 8658

There is no record of that item. If it was mailed recently, information may not yet be available. Please try again later.

**Track & Confirm**
Enter label number:

Track & Confirm FAQs



POSTAL INSPECTORS
Preserving the Trust

site map   contact us   government services
Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use  Privacy Policy



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>Painters and Allied Trades District Council No. 35 v. First Kostas Corp.</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ☐   NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐   NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐   NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☒   NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION ☒   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Michael A. Feinberg, Feinberg, Campbell & Zack, P.C.</u>
ADDRESS <u>177 Milk Street, Boston, MA 02109</u>
TELEPHONE NO. <u>617-338-1976</u>

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Painters and Allied Trades District Council No. 35

### DEFENDANTS
First Kostas Corp.

FILED
CLERKS OFFICE
2005 MAR 23 P 12:10

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Middlesex__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael A. Feinberg, Esq.
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109      617-338-1976

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

to enforce a labor arbitration award pursuant to §301 of the Labor Management Relations Act, 29 U.S.C. §185

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 14,146.95
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE
DOCKET NUMBER

DATE 3/21/05
SIGNATURE OF ATTORNEY OF RECORD /s/ Michael A. Feinberg

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____